# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

THEODORE SUTTON, as Trustee )
of the Theodore S. Sutton Inheritance )
Trust U/T/D 4/26/2005, )
                    )
      Plaintiff, )
                    )
v.                  )     Case No. CIV-25-1306-D
                    )
DCP OPERATING COMPANY, LP; )
DCP HOLDINGS LP; and )
PHILLIPS 66, )
                    )
      Defendants. )

## ORDER

Before the Court is Defendant Phillips 66's Motion to Dismiss [Doc. No. 5], to which Plaintiff responded [Doc. No. 8], and Phillips 66 replied [Doc. No. 10]. The matter is fully briefed and at issue.

## FACTUAL BACKGROUND

Plaintiff's action stems from a communications tower lease agreement between Plaintiff and DCP Midstream LP.[1] [Doc. No. 1-2, Petition, Ex. B]. Plaintiff alleges that he entered into a ten-year Tower Lease Agreement, beginning January 1, 2015, with DCP Midstream LP, now DCP Operating Company, LP. *Id.* at ¶ 8. Based on his belief that DCP Midstream LP "transitioned to Phillips 66 and was operating as DCP Operating Company, LP," Plaintiff refers to all three defendants, collectively, as DCP or Defendant. *Id.* at ¶ 9.

---

[1] According to Phillips 66's motion, DCP Midstream LP changed its name in 2017 to DCP Operating Company, LP, a named defendant in this action.

Plaintiff alleges that DCP breached the Tower Lease Agreement by, in large part, failing to maintain the communications tower. *Id.* at ¶¶ 25-35. Plaintiff further alleges that DCP was negligent in "performance of its contractual obligations" and in its maintenance of the tower. *Id.* at ¶¶ 36-43.

On September 24, 2025, Plaintiff filed suit in Beaver County District Court, naming DCP Operating Company, LP (the "Lessee" under the Tower Lease Agreement), DCP Holdings LP, and Phillips 66 as defendants. Phillips 66 now moves to dismiss Plaintiff's claims against it because Phillips 66 is a stranger to the Tower Lease Agreement, upon which Plaintiff's claims are based.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to the non-movant. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In some circumstances, matters outside a complaint can be considered under Rule 12(b)(6). *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) ("In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."). In this case, Plaintiff attached a copy of the Tower Lease Agreement to his Petition [Doc. No. 1-2, Ex. B]. Because the Tower Lease Agreement was referred to in Plaintiff's Petition, is central to Plaintiff's claims, and the authenticity of the agreement is unchallenged, it is proper for consideration. *See Jacobsen*, 287 F.3d at 941; *accord Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

## DISCUSSION

Phillips 66 maintains that Plaintiff's claims against it should be dismissed because Phillips 66 is a stranger to the Tower Lease Agreement between DCP Operating, LP and Plaintiff. Phillips 66 further contends that its existence within the same corporate family as DCP Operating, LP does not give rise to liability.

In his Petition [Doc. No. 1-2], the only reference Plaintiff makes to Phillips 66 is his belief that DCP Operating, LP is operating as Phillips 66. *Id.* at ¶¶ 2, 9. Throughout the remainder of his Petition, Plaintiff refers to all three defendants as DCP or Defendant, in the singular.

In response to Phillips 66's motion, Plaintiff alleges—for the first time—that Phillips 66 has represented, and continued to communicate with Plaintiff during the course of the Tower Lease Agreement, that Phillips 66 is the successor-in-interest to DCP

Operating, LP or otherwise acts on behalf of DCP Operating, LP. Plaintiff also cites to correspondence from Phillips 66, providing notice that "Phillips 66 as successor in interest to and on behalf of DCP Midstream LP" formally canceled the Tower Lease Agreement between DCP Operating, LP and Plaintiff. [Doc. No. 8-6].

Under Oklahoma law, a stranger to a contract may be liable along with a party to the contract in limited circumstances. *See Oliver v. Farmers Ins. Grp.*, 1997 OK 71, ¶ 8, 941 P.2d 985, 987 ("If one corporation is simply the instrumentality of another corporation, the separation between the two may be disregarded and treated as one for the purpose of tort law.") (citing *Frazier v. Bryan Mem'l Hosp. Auth.*, 1989 OK 73, ¶ 16, 755 P.2d 281, 288). In *Oliver*, the Oklahoma Supreme Court noted that the "question hinges primarily on control" and that "[a]ny ultimate liability of companies . . . other than the original defendant would be dependent on the plaintiff's ability to show the 'control' factors articulated in *Frazier*[.]"[2] *Id.* at ¶¶ 8, 16.

Missing from Plaintiff's Petition, however, are any allegations supporting an alter ego theory of liability. Nor does Plaintiff's Petition contain allegations sufficient to find that Phillips 66 is now the "Lessee" under the Tower Lease Agreement. The Tower Lease

---

[2] The "control" factors include whether: "(1) the parent corporation owns most or all of the subsidiary's stock, (2) the corporations have common directors or officers, (3) the parent provides financing to its subsidiary, (4) the dominant corporation subscribes to all the other's stock, (5) the subordinate corporation is grossly undercapitalized, (6) the parent pays the salaries, expenses or losses of the subsidiary, (7) almost all of the subsidiary's business is with the parent or the assets of the former were conveyed from the latter, (8) the parent refers to its subsidiary as a division or department, (9) the subsidiary's officers or directors follow directions from the parent corporation and (10) legal formalities for keeping the entities separate and independent are observed." *Frazier*, 1989 OK 73, at ¶ 17.

Agreement itself reflects DCP Midstream LP, now DCP Operating, LP, as the only Lessee [Doc. No. 1-2, Ex. B]. For Plaintiff's allegations, he merely includes Phillips 66 by alleging that "Defendant" breached the Tower Lease Agreement and was negligent, clarifying that "Defendant" refers to all three named defendants. This is insufficient to state a claim against Phillips 66 as a stranger to the Tower Lease Agreement. Further, because a 12(b)(6) motion tests the sufficiency of the complaint, Plaintiff's response regarding Phillips 66 acting on behalf of DCP Operating LP—presumably to support an alter ego theory of liability—does not compel a different result. [3]

## CONCLUSION

For these reasons, Defendant Phillips 66's Motion to Dismiss [Doc. No. 5] is **GRANTED**. Plaintiff may file an amended complaint within 14 days from the date of this Order.[4]

**IT IS SO ORDERED** this 25th day of March, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] Arguments raised in response to a motion to dismiss cannot cure pleading defects. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("[I]n determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. … Therefore, extraneous arguments in an appellate brief may not be relied upon to circumvent pleading defects.").

[4] The Court cannot definitively say that allowing Plaintiff an opportunity to amend would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."); *accord Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023).